UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Theodore Thomas Wagner, # 286910, <br><br> Plaintiff, <br><br> v. <br><br> Jon Ozmint, Director SCDC; Stan Brutt, Warden Lieber CI; Mr. NFN Csear, Classification Sup., LCI; Mrs. L. Caryton, Inmate Grievance, LCI; Mrs. NFN Watford, Classification, LCI; all in the individual and official capacities. <br><br> Defendants. | C/A No. 3:05-0372-GRA-JRM <br><br> ORDER <br> (Written Opinion) |

This matter is before the Court for a review of the magistrate's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C., and filed December 15, 2005. Plaintiff brought this suit pursuant to 42 U.S.C. § 1983. Plaintiff alleges that his Eighth Amendment rights have been violated because he was exposed to an unacceptable level of second-hand tobacco smoke while he was incarcerated at LCI. Defendants filed a motion for summary judgment on June 14, 2005. Because Plaintiff is proceeding *pro se*, he was advised on June 17, 2005, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to Defendants' motion for summary judgment with additional evidence or counter-affidavits could result in the dismissal of his complaint. Plaintiff filed a memorandum in opposition to summary judgment on July 25, 2005.

1

He filed additional information on September 23, 2005. The magistrate recommends granting summary judgment to Defendants. For the reasons stated below, Defendants' motion for summary judgment is GRANTED.

This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

Parties must file with the clerk of court specific, written objections to the Report and Recommendation, if they wish the United States District Judge to consider them. Any written objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. Fed. R. Civ. P. 72(b); *See Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985);

*United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984).  "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation."  *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation.  *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983).  Plaintiff filed objections on January 9, 2006.  In Plaintiff's objections, he merely restates the general facts and arguments that he alleged in his complaint, numerous motions, and in response to Defendants' motion for summary judgment.  Plaintiff failed to sufficiently identify any specific point of error in the magistrate's legal analysis.  Thus, Plaintiff's objections are not sufficient to require a *de novo* review of the Report and Recommendation by this Court.

After a review of the magistrate's Report and Recommendation, this Court finds that the report is based upon the proper law.  Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

IT IS THEREFORE ORDERED that Defendants' motion for summary judgment be GRANTED.

IT IS FURTHER ORDERED that the remainder of Plaintiff's motions, including his "Appeal of Order" and his motion to compel, both of which were filed January 9, 2006, be DENIED.

IT IS SO ORDERED.

                                             *G. Ross Anderson, Jr. (signature)*

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

January   12   , 2006

## NOTICE OF RIGHT TO APPEAL

Plaintiff has the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.  Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.

4